JOHN C. FOSTER, JR. AND SHIRL M. FOSTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foster v. Commissioner
Docket No. 9446-77.
United States Tax Court
T.C. Memo 1978-441; 1978 Tax Ct. Memo LEXIS 72; 37 T.C.M. (CCH) 1846; T.C.M. (RIA) 78441; November 6, 1978, Filed John C. Foster, Jr., pro se. Michael L. Norlander, for the respondent. DAWSON
MEMORANDUM OPINION
*73 DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954[1] and Rule 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1975 in the amount of $ 415.68 and an excise tax deficiency of $ 78 for excess contributions to an individual retirement account. The issues are (1) whether petitioners are entitled to a deduction under section 219 for a contribution of $ 1,300 in 1975 by petitioner John C. Foster, Jr. to an individual retirement account (IRA); *74 and (2) whether petitioners are liable for an excise tax of $ 78 under section 4973(a) for excess contributions to an IRA. Petitioners were residents of Merrimack, New Hampshire at the time the petition in this case was filed. During the year 1975 petitioner John C. Foster, Jr. was a member of the Air Force Reserves and was covered by the Air Force Reserves military retirement plan. In 1975 the petitioner paid $ 1,300 to an individual retirement account and deducted such amount on his 1975 Federal income tax return. Respondent disallowed the deduction. Section 219(a), as applicable in 1975, allows a deduction for cash contributions made to an individual retirement account. However, section 219(b)(2)(A)(iv) provides that no deduction is allowed under section 219(a) for the taxable year if the individual claiming the deduction was an active participant in a plan established for its employees by the United States or its agencies and instrumentalities. Since the petitioner, as a member of the Air Force Reserves in 1975, was covered by the Air Force Reserves military retirement plan it is evident under the unambiguous language of the statute that he is prevented from claiming *75 any deduction in 1975 for his contribution to the individual retirement account. In 1976 Congress, in recognition of the inequity existing under the statute, amended section 219 as it applied to certain members of military reserve components by providing in section 219(c)(4) that a member of a reserve component of the armed forces is not considered to be an active participant in a plan described in subsection 219(b)(2)(A)(iv) unless he has served in excess of 90 days on active duty (other than active duty for training) during the year. However, this amendment is applicable only to taxable years beginning after December 31, 1975. P.L. 94-455, section 1503(b). In view of this legislative background we have no alternative but to hold that petitioner is not entitled to a deduction under section 219 for payments to an individual retirment account in the taxable year 1975. Section 4973 imposes an excise tax of 6 percent on any excess contribution during the taxable year to an individual retirement account. Under section 219 as applicable in 1975 petitioner was entitled to no deduction and consequently the entire contribution was in excess of the amount deductible for the year. *76 Orzechowski v. Commissioner,69 T.C. 750 (1978). Under these facts the 6 percent excise tax is clearly applicable. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable under these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.